# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>JOSE M. CHAVEZ, *et al.*,<br><br>　　　　　　　　　　　Defendants. | CASE NOS. 12-CR-241 - IEG<br><br>**ORDER DENYING DEFENDANT CHAVEZ'S MOTION TO SUPPRESS WIRETAP EVIDENCE**<br><br>[Doc. No. 77.] |

Before the Court is Defendant Jose M. Chavez's motion suppress wiretap evidence on grounds that the April 18, 2011 wiretap affidavit (1) fails to establish probable cause; and (2) fails to establish necessity. [Doc. No. 77.] For the reasons below, the motion is **DENIED.**

## BACKGROUND

This case involves charges of conspiracy, racketeering, illegal drug distribution, extortion, and money laundering in connection with the Mexican Mafia prison gang and several affiliated Sureno street gangs operating in northern San Diego County. On November 19, 2012, Chavez filed the present motion to suppress, [Doc. No. 77], and on January 18, 2013, he filed a two-page supplemental brief in support thereof. [Doc. No. 83.] The Government filed an opposition brief, addressing both Chavez's initial motion and his supplemental brief, on January 28, 2013. [Doc. No. 87.] The Court heard oral argument on February 6, 2013. [Doc. No. 6.]

## DISCUSSION

"Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2520, allows law enforcement agencies to conduct electronic surveillance of suspected

1
2
3
4
criminal activities." *U.S. v. Garcia-Villalba*, 585 F.3d 1223, 1227 (9th Cir. 2009). But "[t]his authority is not a blank check." *Id.* Before law enforcement may resort to a wiretap, they must submit affidavits showing, *inter alia*, probable cause and necessity. *Id.* The present motion contends the Government failed to make these required showings in the April 18, 2011 wiretap affidavit.

### A.     Probable Cause

Chavez argues that the April 18 affidavit fails to establish probable cause as to Telephone 12 because the affidavit "do[es] not identify the individuals actually making and receiving telephone communications" on that phone. [Doc. No. 83 at 3 (Chavez Supplemental Memorandum).] According to Chavez, "[b]ecause this particular number was also used by Chavez's cell mate . . . without more information, these records are scarcely probative." [*Id.*]

Chavez's argument mistakes the need for probable cause as to a specific phone for probable cause for a specific individual using the phone. "Nothing in Title III requires . . . identification of the person committing the offense . . . the authority to intercept [need not] be limited to those conversations between a party named in the order and others, since at least in some cases, the order might not name any specific party at all." *U.S. v. Kahn*, 415 U.S. 143, 157. "[W]hen there is probable cause to believe that a particular telephone is being used to commit an offense but no particular person is identifiable, a wire interception order may, nevertheless, properly issue under the statute." *Id.*

The April 18 affidavit establishes probable cause as to Telephone 12. The affidavit targets conspiracy, drug dealing, racketeering, extortion, and money laundering in Centinela State Prison and elsewhere by Sureno gang members in connection with Mexican Mafia member Rudy Espudo. The phone had been smuggled into Centinela State Prison. Intercepted calls over Telephone 12 reference drug smuggling and dealing both inside and outside Centinela State Prison, reference payments of the proceeds from that activity to Espudo and other Mexican Mafia members, and coordination with West Side gang members involved drug dealing, theft, and other activities related to the alleged payments to the Mexican Mafia. [*See, e.g.*, April 18 Affidavit at ¶¶ 45-46.]

In challenging probable cause as to Telephone 12, Chavez only focuses on the portions of the affidavit that specifically mention him. But the affidavit must be read as a whole. *See, e.g.*,

*U.S. v. Spagnuolo*, 549 F.2d 705, 710 (9th Cir. 1977) ("the affidavit, read in its entirety . . ."). The April 18 affidavit comprises approximately 40 pages of illustrative and supporting information, including incorporated experience and training of the affiant, Agent Zeman, a multitude of other intercepted calls on other targeted phones involving many of the same individuals targeted by the Telephone 12 wiretap, and the entirety of these allegations provide ample support for a finding of probable cause.

**B.    Necessity**

"To establish that a wiretap is necessary, the application must provide a 'full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.'" *U.S. v. Shryock*, 342 F.3d 948, 975 (9th Cir. 2003) (quoting 18 U.S.C. § 2518(1)(c)). "The issuing judge must then determine whether 'normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous.'" *Id.* (quoting 18 U.S.C. § 2518(3)(c)). "Together, 18 U.S.C. § 2518(1)(c) and (3)(c) comprise the necessity requirement for wiretap orders." *U.S. v. Gonzalez, Inc.*, 412 F.3d 1102, 1112 (9th Cir. 2005).

**1.    The Court's Dec. 19 Order Did Not Decide Necessity as to Telephone 12**

The Government asserts that the Court already found necessity as to the April 18 affidavit in its December 19, 2012 Order denying Defendant Francisco Gutierrez's motion to suppress in a related case. [*See* Doc. No. 87 (Government's Opp. to Chavez Mtn.) at 5 ("This Court has previously found that these particular wiretap affidavits satisfied the requisite showing of necessity . . . the Government maintains that Defendant Chavez's motion should be denied based this Court's prior ruling."). The Court's previous order did find that "the Government satisfied the necessity requirement as to the . . . April 18, 2011 application." [*See* case no. 12-cr-236, Doc. No. 857 at 9.] But that order was limited to telephone 7 and Defendant Francisco Gutierrez in a separate case, 12-cr-236. Chavez's present motion challenges necessity as to telephone 12 in case 12-cr-241. Each wiretap application must satisfy the necessity requirement as to each telephone. *U.S. v. Carneiro*, 861 F.2d 1171, 1176 (9th Cir. 1988). "The government may not dispense with the statutory mandated showing of necessity to obtain a wiretap [of one conspirator's] telephone, despite the validity of the wiretap of his co-conspirator's telephone." *Id.* at 1177 (quoting *U.S. v.*

*Brone*, 792 F.2d 1504, 1507 (9th Cir. 1986)).  Thus, the Court's prior necessity finding regarding telephone 7 does not satisfy necessity as to telephone 12 in the present motion.

### 2.  Full and Complete Statement

To meet the full and complete statement prong of the necessity requirement, "the affidavit, read in its entirety, must give a factual basis sufficient to show that ordinary investigative procedures have failed or will fail in the particular case at hand." *U.S. v. Spagnuolo*, 549 F.2d 705, 710 (9th Cir. 1977).  "[G]eneral allegations about classes of cases" without discussion of "necessity in the particular investigation in which a wiretap is sought" will not suffice.  *U.S. v. Ippolito*, 774 F.2d 1482, 1486 (9th Cir. 1985).  Rather, wiretap affidavits must include "specific allegations indicating why normal investigative procedures failed or would fail in the particular case." *U.S. v. Blackmon*, 273 F.3d 1204, 1207 (9th Cir. 2001).  Still, Ninth Circuit "precedent does not require an affidavit to discuss and to dismiss all possible forms of physical surveillance." *Garcia-Villabla*, 585 F.3d at 1229 n.2; *see also Staves*, 383 F.3d at 982 ("Law enforcement officials need not exhaust every conceivable investigative technique before seeking a wiretap order.").

The April 18 affidavit addresses in detail the use and limitations of traditional techniques in this particular case.  [*See, e.g.*, April 18 Affidavit at ¶¶ 23-46.]  The affidavit describes the use of confidential sources, undercover agents, an array of physical surveillance techniques, vehicle tracking, trash searches, interviews, prison surveillance, etc., and relates these sources and techniques to the specific facts of this case.  *Id*.  For example, the affidavit explains how confidential source 1 had been of limited use and how the public disclosure of his wife as a confidential source in another case increased the danger of his continued employ.  [*See, e.g.*, April 18 Affidavit at ¶¶ 24-27.]   As such, the detail provided in the affidavit can hardly be termed "casual dismissal . . . through boilerplate text."  [*Cf.* Doc. No. 77-1 at 10.]

Chavez argues that the April 18 affidavit failed to satisfy the "full and complete statement" requirement of § 2518(1)(c) because it "fail[s] to include the method officers used in identifying the participants in the[] monitored conversations [referenced]" and "fails to name the locations, frequency and dates of [physical] surveillance." [Doc. No. 77-1 at 8.]   But Chavez fails to cite any case law requiring such information.  Nor does he explain how such information would be material

to either necessity or probable cause. "Nothing in Title III requires . . . identification of the person committing the offense." *Kahn*, 415 U.S. at 157. "[T]he authority to intercept [need not] be limited to those conversations between a party named in the order and others, since at least in some cases, the order might not name any specific party at all." *Id*. Just as the Court recognized in regard to the Gutierrez motion, "[a]lthough the affidavit does not delineate how each traditional technique failed or will fail specifically with respect to Defendant, it is not required to do so." [No. 12-cr236, Doc. No. 857 at 9 (citing *Baker*, 589 F.2d at 1013).]

### 3.     Finding of Necessity

"[T]he government may establish necessity for a wiretap by any of three, alternative methods. The government may show that traditional investigative procedures (1) have been tried and failed; (2) reasonably appear unlikely to succeed if tried; or (3) are too dangerous to try." *U.S. v Gonzalez, Inc.*, 412 F.3d 1102, 1112 (9th Cir. 2005). The Ninth Circuit has adopted a "common sense approach" when reviewing necessity "to evaluate the reasonableness of the government's good faith efforts to use traditional investigative tactics or its decision to forego such tactics based on the unlikelihood of their success or the probable risk of danger involved with their use." *Gonzalez*, 412 F.3d at 1112 (citing *Blackmon*, 273 F.3d at 1207).

"[T]he government is entitled to more leeway in its investigative methods when it pursues a conspiracy" because it "has a duty to extirpate conspiracy beyond its duty to prevent the mere commission of specific substantive offenses." *McGuire*, 307 F.3d at 1198. The Ninth Circuit has explained that conspiracies "pose a greater threat to society than individual action toward the same end." *Id*. at 1197. "Unlike individual criminal action, which comes to an end upon the capture of the criminal, collective criminal action has a life of its own." *Id*. at 1197. Accordingly, the Ninth Circuit has "'consistently upheld findings of necessity where traditional investigative techniques lead only to apprehension and prosecution of the main conspirators, but not to apprehension and prosecution of . . . other satellite conspirators.'" *Id*. at 98 (quoting *U.S. v. Torres*, 908 F.2d 1417, 1422 (9th Cir. 1990)).

Chavez argues that the affidavit amounts to mere boilerplate because it fails to explain how each investigative techniques applies to him personally. Again, Chavez fails to recognize that the necessity of the wiretap is not determined in relation to him alone; rather, necessity must be

considered in light of the entire enterprise targeted by the wiretap.  The Government does not need to show that each traditional technique would be ineffective as to Chavez personally if already shown ineffective as to other individuals or factions of the alleged conspiracy.  *See U.S. v Baker*, 589 F.2d 1008, ("If the foundations for a wiretap are established with regard to a particular telephone . . . it is not fatal to the order of interception for that telephone that the particularization with regard to another . . . principal may be insufficient.").  As explained by the Ninth Circuit in *Baker*:

> "Government investigators . . . are entitled to use reason and common sense in the performance and documentation of their investigations to support applications for wiretaps. The statute does not mandate the indiscriminate pursuit to the bitter end of every non-electronic device as to every telephone and principal in question to a point where the investigation becomes redundant or impractical or the subjects may be alerted and the entire investigation aborted by unreasonable insistence upon forlorn hope."

589 F.2d at 1013.

Here, as discussed *supra,* the Government's affidavit describes a wide array of techniques attempted in this case, to what extent those techniques have been successful, as well as the limitations they pose.  This plainly is not a case where the Government jumped to wiretaps as the first step.  *See U.S. v. Washington*, __F.Supp.2d__, 2012 WL 3610252, at *5 (9th Cir. Aug. 22, 2012) ("While a wiretap should not be the initial step in an investigation, agents need not have exhausted every conceivable traditional alternative in order to obtain a wiretap.") (citing *U.S. v. Forrester*, 616 F.3d 929, 944 (9th Cir. 2010)).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Chavez's motion to suppress.

**IT IS SO ORDERED.**

**DATED:**     February 25, 2013

*Irma E. Gonzalez*

**IRMA E. GONZALEZ
United States District Judge**